B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>White, Angela Denise | **DEFENDANTS**<br>FIA Card Services, N.A.<br>CR Evergreen II LLC,<br>East Bay Funding, LLC |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>David Cox<br>Cox Law Group<br>900 Lakeside Drive<br>Lynchburg VA 24501<br>434-845-2600 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☑ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☑ Creditor  ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

VOID lien per 11 U.S.C. 506

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) - Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) - Validity, Priority or Extent of Lien**
[1] 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) - Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) - Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) - Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) - Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) - Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) - Injunctive Relief**
☐ 71-Injunctive relief - imposition of stay
☐ 72-Injunctive relief - other

**FRBP 7001(8) - Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) - Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) - Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case - 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

☐ Check if this case involves a substantive issue of state law    ☐ Check if this is asserted to be a class action under FRCP 23
☐ Check if a jury trial is demanded in complaint                   Demand

Other Relief Sought

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | |
|---|---|
| NAME OF DEBTOR<br>Angela Denise White | BANKRUPTCY CASE NO.<br>11-60956 |
| DISTRICT IN WHICH CASE IS PENDING<br>WESTERN DISTRICT OF VIRGINIA | DIVISION OFFICE<br>LYNCHBURG DIVISION | NAME OF JUDGE<br>Anderson |

| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
|---|---|---|
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |

SIGNATURE OF ATTORNEY (OR PLAINTIFF) [signature]

DATE 2/22/12   PRINT NAME OF ATTORNEY (OR PLAINTIFF) David Cox

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

PLAINTIFFS and DEFENDANTS. Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

ATTORNEYS. Give the names and addresses of the attorneys, if known.

PARTY. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

DEMAND. Enter the dollar amount being demanded in the complaint.

SIGNATURE. This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

IN RE: ANGELA DENISE WHITE     *
                                              *           CHAPTER 13
                                              *           CASE NO. 11-60956
                                              *
            Debtors                 *
_____/

ANGELA DENISE WHITE,

       Plantiff

v.

FIA CARD SERVICES, N.A.,
CR EVERGREEN II, LLC,
and
EAST BAY FUNDING, LLC

       Defendants

and

REBECCA B. CONNELLY,

       Chapter 13 Trustee

_____/

## COMPLAINT TO AVOID LIEN

1. Debtor, ANGELA DENISE WHITE ( referred to as "Debtor" and/or "Plaintiff" herein) commenced her underlying bankruptcy case on April 11, 2011, by filing the above-numbered voluntary petition for relief under Chapter 13 of title 11, United States Code.

2. FIA CARD SERVICES, N.A., filed an unsecured Proof of Claim #10 on 05/16/2011. On 8/31/11, FIA CARD SERVICES, N.A., as transferor, filed a notice of Transfer Of Claim Other Than For Security indicating CR EVERGREEN II, LLC, as the transferee. On 12/23/11, CR EVERGREEN II, LLC, as Transferor, filed a notice of Transfer of Claim other than for security indicating EAST BAY FUNDING, LLC, as the Transferee. Collectively, FIA CARD SERVICES, N.A., CR EVERGREEN II, LLC, and EAST BAY FUNDING, LLC, are referred to as the "DEFENDANTS" herein.

3. This Complaint is filed pursuant to 11 U.S.C. § 506(d) to avoid and cancel a judicial lien held by the DEFENDANTS on real property used as the Debtor's residence.

4. The DEFENDANTS have a claim against the Debtor in the amount of $9,512.09.

5. The DEFENDANTS' claim is secured by a judicial lien in and on the real property used as Debtor's residence at 440 Bradley Road, Danville VA because FIA CARD SERVICES, N.A. recorded judgment entered against the Debtor on June 22, 2010 in the amount of $10,812.09, plus costs and attorney's fees, in the land records of the City of Danville Circuit Court's Clerk's Office as Case Number 100003204.

6. Notwithstanding the foregoing, the DEFENDANTS do not have an allowed secured claim because the DEFENDANTS filed their claim as an unsecured claim.

7. Pursuant to 11 USC 506(d), "To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void, unless- (1) such claim was disallowed only under section 502(b)(5) or 502 (e) of this title; or (2) such claim is not an allowed secured claim due only to the failure of an entity to file a proof of such claim under section 501 of this title."

8. The exceptions to the lien voidance requirements of 11 USC 506(d) do not apply in this case because (a) the DEFENDANTS' claim was not disallowed under section 502(b)(5) or 502(e); and (b) the fact that the DEFENDANTS do not have an allowed secured claim does not result from the failure of the DEFENDANTS to file a claim under 11 USC 501.

9. The DEFENDANTS' lien is void under 11 USC 506(d).

WHEREFORE, Plaintiff prays for an Order against the DEFENDANTS for the cancellation and avoidance of the judicial liens on their residential real estate, and for such additional or alternative relief as may be just and proper.

Respectfully submitted,

COX LAW GROUP, PLLC

Date: 2/22/12

By: /s/ David Cox
Counsel for Debtor

David Cox
COX LAW GROUP, PLLC
900 Lakeside Drive
Lynchburg, VA 24501
434/845-2600
434/845-0727 fax

Service List

FIA CARD SERVICES, N.A
A/K/A BANK OF AMERICA
P.O. BOX 15102
WILMINGTON DE 19886-5102

FIA CARD SERVICES, N.A
A/K/A BANK OF AMERICA
ATTN: BANKRUPTCY NC4-105-03-14
P.O. BOX 26012
GREENSBORO, NC27410

FIA CARD SERVICES, N.A
P.O. BOX 15026
WILMINGTON DE 19850-5028

FIA CARD SERVICES, N.A
A/K/A BANK OF AMERICA
GLASSER AND GLASSER, P.L.C
P.O. BOX 3400
NORFOLK VA 23514

CR EVERGREEN II, LLC
MS 550
P.O. BOX 91121
SEATTLE WA 98111

CR EVERGREEN II, LLC
C/O THE CORPORATION TRUST COMPANY, REGISTERED AGENT
CORPORATION TRUST COMPANY
1209 ORANGE STREET
WILMINGTON DE 19801

EAST BAY FUNDING LLC
C/O RESURGENT CAPITAL SERVICES
ATTN: SUSAN GAINES
P.O. BOX 288
GREENVILLE SC29603

EAST BAY FUNDING LLC
ATTEN: EDWARD J. BAGGIA
650 PLYMOUTH STREET, STE 10
EAST BRIDGWATER, MA 02333